IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA LUISA G. RAMIREZ, *et al.* | § § | |
| Plaintiffs, | § § | |
| versus | § § | CIVIL ACTION NO. H-08-801 |
| FREDDIE RECORDS, INC., *et al.* | § § § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is the Plaintiffs' Motion for Attorney's fees and Bill of Costs **(Instrument No. 99)** requested in accordance with the methodology outlined by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (en banc). First it must be clear that the Plaintiff is the prevailing party, for in order to be eligible for a fee award, the Plaintiff must have prevailed on a significant claim that directly benefits the Plaintiff. *Farrar v. Hobby,* 506 U.S. 103, *113 S.Ct. 566 (1992).* It is not necessary, however, that Plaintiff prevail on the "central issue" of the case to be considered the prevailing party. *Texas State Teachers Ass'n v. Garland Ind. Sch. Dist.,* 489 U.S. 782, 791, 109 S.Ct. 1486 (1989).

A prevailing party in a copyright infringement action is entitled to reasonable attorney fees and expenses. 17 U.S.C. § 505.

Plaintiffs filed suit for copyright infringement and declaratory judgment as to ownership and rights to sound recordings and musical compositions. Plaintiffs prevailed in their copyright infringement trial obtaining a jury verdict on April 9, 2009. Document No. 94. During the course of the trial the Court also found that, as a matter of law, the Plaintiffs owned recordings

and compositions because Defendants had no written agreement upon which to base any claim of ownership. Further, as to the works for which some written contracts had been signed in the past, the Defendants admitted during trial that they were not going to dispute the termination of all agreements, written or verbal, in accordance with the termination of contact rights, which wsa introduced as Plaintiffs' Exhibit 59.

Next we must turn to the methodology required to calculate the appropriate attorneys' fee. The lodestar approach conceived in *Johnson* is favored generally because it lends a degree of objectivity and certainty to the assessment of fees. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149-50 (11th Cir. 1993). The basis of lodestar accounting involves multiplying the number of hours reasonably expended by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). In addition, the Fifth Circuit requires an analysis of the "*Johnson* factors" in each case before fees can be calculated. *See, e.g., Nisby v. Court of Jefferson Cty.*, 798 F.2d 134, 137 (5th Cir. 1986) (reversing award because court did not address "applicability of each of the *Johnson* factors").

The "*Johnson* factors" include (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and result obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the clients; and (12) awards in similar cases. These factors may bear on the market rate or on whether the hours were reasonably spent and may be a basis for adjusting the lodestar. *Hensley at* 434.

Utilizing these factors, the Court may make downward adjustments, e.g. for incomplete success; *see Pressley v. Haeger,* 977 F.2d 295, 298 (7th Cir. 1992) (prohibiting an award of fees on losing claims) and in rare cases, upward adjustments, e.g. based on exceptional results; *see Shipes v. Trinity Industries,* 987 F.2d 311, 322 (5th Cir. 1993). A failure to consider the *Johnson* factors constitutes an abuse of discretion. *Riddell v. National Democratic* Party, 712 F.2d 165 (5th Cir. 1983).

Fed. R. Civ. P. 54(d)(2)(A) provides that claims for attorneys' fees are to be made by motion unless such fees are an element of damages that have been proved at trial. In this case Plaintiff has filed a motion for award of attorney's fees in accordance with the Court' order.

Plaintiff presented evidence that in this case that Plaintiffs are entitled to an award of fees under the Copyright Act.

Plaintiffs' counsel provides as support for this application the affidavit of counsel attached to the motion as Exhibit A, as well as the pertinent time records of Plaintiffs' counsel and associated staff and counsel. Plaintiff presented information that this case was made much more difficult and complex due to the manner in which documentation of manufacturing and sales were kept (or rather not kept) by the Defendants. Plaintiff argued that this increased the time and expense required to develop and try this case.

A number of attorneys and staff of the Showalter Law Firm were engaged in this case.

Defendants respond that Plaintiff is not entitled to seek fees because a portion of their claims arose under the declaratory judgment act, however, Plaintiff prevailed at trial on their claim for copyright infringement and is entitled to fees in that action. Moreover, the Court found at trial

that it would issue no decision with respect to the declaratory judgment action. Defendants also object to an award of fees based on incomplete success.

Applying the *Johnson* factors to the claims in this case, the Court finds that the Plaintiff kept detailed, contemporaneous accounts of the time and expenses devoted to the preparation and trial of this case. The services for which Plaintiff's counsel seeks compensation were performed with a high level of skill and were reasonable and necessary for the preparation and trial of plaintiff's case. The Court further finds that the hourly rates billed by the firm were in accordance with the customary fees for work of comparable quality in the Houston legal community and that they were fair and reasonable. The Court has analyzed the remaining lodestar factors outlined in *Johnson* and made a fee award based on those actions. The Court finds that the affidavits of the Plaintiff's counsel support the award of fees in that the services were compensable under the law, and that the results obtained were favorable to the Plaintiff and were preferable to any compromise proposed prior to trial and that the preoccupation with this case precluded involvement by all attorneys concerned with other business.

The Court has adjusted the fees for incomplete success.

Based on the Court's findings as outlined above, no lodestar multiplier or other adjustment appears warranted in this case. Accordingly, pursuant to the applicable law, the Court finds that the following fees, hours and expenses form a reasonable basis for an award of fees and costs for preparation and trial of this case:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| David Showalter | 525.94 | $400.00 | $210,376.00 |
| Joshua Leal | 42.25 | $250.00 | $9,512.50 |
| Tracy Willi | 115.20 | $275.00 | $31,680.00 |
| Cynthia Dun bar | 28.83 | $225.00 | $6,486.75 |
| | | | |
| TOTAL FEES | | | $288,055.25 |

ACCORDINGLY, it is ORDERED that Plaintiff recover from Defendant their legal fees and costs incurred in the preparation and trial of this case in the amount of $

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 29th day of July, 2010, at Houston, Texas.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE