IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA LUISA G. RAMIREZ and TONY GUERRERO | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:08-cv-00801 |
| FREDDIE RECORDS, INC., FREDDIE MARTINEZ, SR., MARFRE, LTD., STERLING MANAGEMENT, INC., FREDDIE MARTINEZ, JR., JOHN MARTINEZ and JoANN MARTINEZ, and MARC J. MARTINEZ | § § § § § § § | |
| Defendants. | § § | JURY TRIAL DEMANDED |

**PLAINTIFFS' APPLICATION FOR EXPEDITED CONSIDERATION OF
REQUEST FOR INJUNCTION,
APPOINTMENT OF RECEIVER AND
TURNOVER AFTER JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Come Now, MARIA LUISA G. RAMIREZ and TONY GUERRERO, Plaintiffs-in-Judgment, (hereinafter called Applicants), and make this Application for Expedited consideration of their Request for Injunction, Appointment of Receiver and Turnover after Judgment with respect to the non-exempt property of Defendants-in-Judgment, FREDDIE RECORDS, INC. and FREDDIE MARTINEZ, SR., individually and doing business as MARFRE MUSIC PUBLISHING (hereinafter called Respondents), as well as certain identified insiders and co-defendants. This application is filed pursuant to Federal Rules of Civil

Procedure 64, 65, 66, 69, 70, and 71, and Chapters 24 and 31 of the Texas Civil Practice and Remedies Code. As grounds therefore, Applicants would show unto this Court the following:

1. **Judgment.** On or about August 18, 2010, Applicants in this Court under this cause, recovered a final judgment against Respondents, Doc. 106. The entirety of the judgment remains unpaid in the total amount due and owing, including costs, of $513,280.80. Additional costs associated with this application and efforts to collect the judgment may also continue to accrue. Said judgment is in all respects, final, valid and subsisting. Applicants are the owners and holders of said judgment.[1]

## A. INJUNCTION

2. **Necessity for Injunction.** Applicants have recently discovered that Respondents have attempted to dispose of or hide virtually all of Respondents' considerable assets. Prior to the April 2010 jury trial of this matter, defendant Freddie Martinez, Sr. testified that his net worth, exclusive of his ownership of music industry assets (which by themselves are of significant value), was approximately $3 million. See deposition of Mr. Martinez at p.60, lines 4-20; p.70, lines 5-10, attached hereto as Exhibit A. From what can be gleaned from

---

[1] In addition to this judgment, Freddie Martinez, Sr. is indebted to Tony Guerrero by reason of an unsatisfied judgment in the amount of $38,747.75 entered in Case No. SA-09-CV-280; *Freddie Martinez, d/b/a Marfre Music Publishing vs. Antonio Guerrero a/k/a Tony Guerrero*; In the United States District Court for the Western District of Texas, San Antonio Division. (Document 50); further these persons are also defendants in Case No. 4:10-cv-02995; *Adan Sanchez vs. Freddie Records, Inc., Freddie Martinez, Sr. d/b/a Marfre Music Publishing, Freddie Martinez, Jr., John Martinez, JoAnn Martinez and Marc J. Martinez*; In the United States District Court for the Southern District of Texas, Houston Division; Civil Action No. 4:10-cv-02024; *Gary Guajardo vs. Freddie Records, Inc., Freddie Martinez, Sr. d/b/a Marfre Music Publishing, Freddie Martinez, Jr. and John Martinez*; In the United States District Court for the Southern District of Texas, Houston Division, and other lawsuits.

Respondents' incomplete discovery responses, Respondents have admitted to transferring virtually all of the assets of Freddie Records, Inc. and Freddie Martinez, Sr. to Mr. Martinez' three sons (Freddie Martinez, Jr., John Martinez and Marc J. Martinez) and/or an entity owned and controlled by these three sons, Brothers Trei, Ltd. Freddie Martinez, Sr. and his sons and affiliated entities transferred assets to insiders in a concerted attempt to make Freddie Martinez, Sr. judgment-proof in connection with the adverse verdict on April 9, 2010. Bank and investment accounts previously holding hundreds of thousands of dollars have been drained to nothing. For example, one Merrill Lynch account, account number XXX-X7K30, went from a balance of $930,048.75 as of February 26, 2010, to $88,056.60 as of June 30, 2010 within weeks after the adverse jury verdict, to a mere $623.61 as of November 30, 2010. See pertinent portions of the Merrill Lynch statements attached hereto as Exhibit B. Recordings, musical compositions, copyrights, master recordings and associated assets worth millions have allegedly been "transferred" to insiders. See Respondent Freddie Records, Inc.'s discovery responses attached as Exhibit C. In its responses to request for production in aid of judgment, the corporation claims it owns no real estate (request for production no. 14), owns no interest in any type of business or other legal entity (request for production no. 15), has no accounts receivable (request for production no. 19), and has no documents identifying any personal property, real property or intangibles (request for production no. 20). The corporation's interrogatory answers, verified by Freddie Martinez, Jr., state that the corporation has no assets (interrogatory no. 1), that it has no income and no interest in any business or income (interrogatory no. 7), that it has no personal property (interrogatory no. 17), that all of the corporation's assets apparently were

transferred in a bulk transaction to an affiliated entity, Brother's Trei, Ltd. (interrogatory no. 21). These transfers were clearly fraudulent transfers as that conduct is defined under Chapter 24 of the Texas Business & Commerce Code, and were calculated to frustrate the collection of the judgments held by Applicants against the Judgment Debtors. The discovery responses by Freddie Martinez, Sr., similarly indicate that Mr. Martinez systematically denuded himself of assets to avoid responsibility for the judgments against him. His responses to request for production in aid of judgment are attached hereto as Exhibit D. At request for production no. 14, Mr. Martinez claims to have no documents indicating any interest in real estate anywhere, that he has no interest in any business or other legal entity (request for production no. 15), that he has no documents identifying any personal property real property or intangible assets (request for production no. 20). See Exhibit C. Mr. Martinez' sworn interrogatory answers reveals that he sold all of his property, at least all the property apparently related to the music industry, in a recent bulk transfer (interrogatory no. 15), and that said property was allegedly transferred to Freddie Records, Inc., which according to the interrogatory answers of Freddie Records, Inc., has been transferred to an insider entity, Brothers, Trei, Ltd. (interrogatory no. 21). See Exhibit C. No documents were produced by The Judgment Debtors evidencing any of these alleged transactions.

3. Due to these active and intentional acts designed to frustrate the collection of Plaintiffs' judgments, it is crucial that:

a. any and all property, rights and monies transferred in contemplation of an adverse verdict and following the verdict itself, be protected against further transfers, and be returned to the Receiver to be appointed;

b. that Freddie Records, Inc., Freddie Martinez Sr., JoAnn Martinez, Freddie Martinez Jr., John Martinez and Marc J. Martinez all be enjoined from transfers and transactions which would hide or secrete assets of the judgment debtors, render said debtors insolvent, or interfere with the collection of Applicants' judgment; and,

c. that the rights and property in which Defendants admitted at trial were to be relinquished to Plaintiffs as Plaintiffs' property, be delivered to counsel for Plaintiffs within 10 days.[2]

Plaintiffs request that a bond in the amount of $500 be required in connection with this request for injunction. Since Defendants are already indebted to Plaintiffs in amounts in excess of $550,000, Plaintiffs should not be required to post a bond greater than $500.

## B. APPOINTMENT OF RECEIVER

4. **Collection Efforts/Necessity of Receiver.** The appointment of a Receiver is justified to aid the Court in the performance of specific duties which a sitting court cannot undertake. A Receiver will conserve the resources of the Court on routine post judgment matters, including locating and liquidating property. Since the Court cannot order a witness to travel more than 100

---

[2]This property is described in Plaintiffs' Memorandum Concerning Final Judgment, Document 98, at paragraphs 2 and 3, and itemized in Exhibits A and B attached thereto.

miles, a Receiver is needed to travel to interview witnesses, locate, recover and liquidate property.

5. Applicants have made a good faith effort to collect the judgment and obtain information about assets, but have been frustrated in these efforts by the judgment debtors. These unsuccessful efforts prior to the filing of this application include:

| Service of Writ of Execution | Numerous attempts made by US Marshals to serve judgment debtors Freddie Records, Inc. And Freddie Martinez, Sr. | Extensive attempts to serve writ were frustrated by evasiveness of judgment debtors from 11/5/2010 through 11/15/2010 | November 15, 2010 judgment debtors advised US Marshals service that no payment would be made on the judgment |
| --- | --- | --- | --- |
| Post Judgment Interrogatories in Aid of Judgment | Sent to Freddie Martinez d/b/a Marfre Music Publishing on 10/22/10 with a courtesy copy to Arnold Gonzalez | Documents received by judgment debtor on 10/25/10 and by Arnold Gonzalez on 10/25/10 | No Response until motion to compel filed; response on December 23, 2010 was totally inadequate and incomplete |
| Post Judgment Interrogatories in Aid of Judgment | Freddie Records, Inc. on 10/22/10 with a courtesy copy to Arnold Gonzalez, Attorney | Documents received by judgment debtor on 10/25/10 and by Arnold Gonzalez on 10/25/10 | No Response until motion to compel filed; response on December 23, 2010 was totally inadequate and incomplete |
| Post Judgment Production in Aid of Judgment | Sent concurrently with Interrogatories | Documents received by judgment debtor on 10/25/10 and by Arnold Gonzalez on 10/25/10 | No Response until motion to compel filed; response on December 23, 2010 was totally inadequate and incomplete |

6. Appointment of a Receiver will result in the need for fewer hearings, lower attorneys' fees, and protect the economic interests of both the debtor and creditor. This is an exceptional case due to its complexity and the intensity needed to enforce the judgment. Good cause exists to appoint a Receiver. The Receiver should be appointed to serve at the expense of the judgment debtors and the related insiders. Plaintiffs/Applicants propose that Dean Hrbacek be appointed as the Receiver. Mr. Hrbacek's curriculum vitae is attached hereto as Exhibit E. He has previously served as a Receiver in State court proceedings and is not only a lawyer, but a certified public accountant as well.

7. **Property of the Receivership.** Applicants have a good faith reason to believe that Respondents Freddie Martinez Sr. and Freddie Records, Inc. own property (or have recently transferred same to insiders), including present or future rights to property, that cannot be attached or levied on by ordinary legal process and which is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. In fact, Respondents have admitted such in their woefully inadequate responses to post-judgment discovery, and by refusing to cooperate in the identification of assets and the collection of said judgment.

8. **Authority/Compensation of Receiver.** Applicants request the Court appoint a Receiver with power and authority to take possession and sell all non-exempt assets of Respondents (and all documents related thereto) including but not limited to cash and contents in all accounts of all financial institutions and to apply the proceeds to satisfy the Judgment and all amounts due under the receivership. Applicants request that Receiver have broad powers in enforcing this order including but not limited to ordering the production of documents, taking

depositions, and instituting legal proceedings against any and all persons and entities involved in fraudulent transfers. Applicants request that Respondents be ordered to pay Receiver 25% of the recoveries, as compensation to the Receiver, and that such compensation (and out of pocket expenses directly related to the recovery) be paid, as taxable court costs, in addition to the amounts owed to Applicants.

9. **Additional Costs.** Applicants request that Respondents be order to pay within ten (10) days, additional and reasonable attorney's fees and costs as follows:

a. $750.00 for application for, issuance of and service of writ of execution, plus $314 costs of the US Marshals office; and,

b. at least $3,500.00 for preparing and urging this Application.

## C. TURNOVER

10. **Property for which turnover is sought.** Judgment Debtors and the insiders identified herein above, Freddie Martinez, Jr., John Martinez, Marc J. Martinez and Brothers Trei, Ltd. are believed to be in the possession, custody or control of documents, intangible rights and property which are essential to the collection of the judgment and the performance by the Receiver of his or her duties. These items include: copyrights, copyright registrations, contracts with recording artists, contracts with composers, contracts with performing rights societies such as Broadcast Music Inc., ASCAP, licenses with third parties such as Universal Music Group, inventory, bank and brokerage company accounts, promissory notes, stocks and bonds, relationships with distributors, monies/funds/receivables, recording studio equipment, computers and accountings, federal and state tax returns, state sales tax returns, franchise tax reports and

records pertaining to the publishing and recording enterprise in which judgment debtors and said insiders are engaged. Consequently, Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc J. Martinez and Brothers Trei, Ltd. should be ordered to turnover all of said items to the Receiver within three (3) days of the receiver's appointment.

### D. Prayer

Wherefore, Premises Considered, Applicants pray that the Court grant the relief requested in this Application and as more expressly outlined in the proposed order filed herewith and for all further relief, at law or in equity, to which the Applicants may be justly entitled.

Respectfully submitted,

SHOWALTER LAW FIRM

By: /s/ David W. Showalter
David W. Showalter
TBA# 18306500

1117 FM 359, Suite 200
Richmond, Texas 77406
(281) 341-5577
(281) 341-5572 (Facsimile)

ATTORNEYS FOR PLAINTIFFS
MARIA LUISA G. RAMIREZ AND TONY GUERRERO

# VERIFICATION

STATE OF TEXAS §
§
COUNTY OF FORT BEND §

BEFORE ME, the undersigned authority, on this day personally appeared DAVID W. SHOWALTER, Attorney for Applicants, who, being by me duly sworn on oath deposed and stated that he has read the above and foregoing Application for Expedited Consideration of Request for Injunction, Appointment of Receiver and Turnover after Judgment Original Petition for Injunctive Relief and Motion for Temporary Restraining Order; that every statement contained therein is within his personal knowledge and is true and correct; and that the documents attached to the pleading as exhibits are true and correct copies of the originals.

_____
David W. Showalter

**SUBSCRIBED AND SWORN TO** before me by David W. Showalter, on December 31, 2010, for the purposes and in the capacity therein expressed.

_____
Notary Public in and for
The State of Texas

MARCIA Sorensen
Printed Name of Notary

My commission expires: 12/10/2013

[Notary Seal: MARCIA SORENSEN, NOTARY PUBLIC, STATE OF TEXAS, MY COMMISSION EXPIRES DEC. 10, 2013]

S:\1891.01\Post Trial\Application for Receiver, Injunction and Turnover.wpd
12-31-10

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2011, I electronically filed this document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept such Notice as service of this document by electronic means:

Arnold G. Gonzalez
Gonzalez & Gonzalez, L.L.P.
5959 S. Staples, Suite 205
Corpus Christi, Texas 78413

                                    /s/ David W. Showalter
                                    DAVID W. SHOWALTER