# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2012

Lyle W. Cayce
Clerk

No. 10-20806

United States Courts
Southern District of Texas
FILED

DEC 17 2012

David J. Bradley, Clerk of Court

MARIA LUISA G. RAMIREZ; TONY GUERRERO

Plaintiffs - Appellees

v.

LISA NICHOLS, Trustee for Chapter 7 Estate of Big F., Incorporated, formerly known as Freddie Records, Incorporated; FREDDIE MARTINEZ, SR.

Defendants - Appellants

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-801

---

Before KING, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Big F., Inc. (formerly known as Freddie Records, Inc.) and Freddie Martinez, Sr. (whose sole proprietorship is Marfre Music Publishing) challenge: being held liable to Luisa Ramirez and Tony Guerrero for copyright infringement; and the district court's awarding attorney's fees. Defendants assert: they had an express, or an implied license to exploit Ramirez' and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20806

Guerrero's work; the verdict is fatally inconsistent; and the court abused its discretion in awarding the fees. AFFIRMED in part; VACATED in part; REMANDED for reconsideration of attorney's fees.

## I.

Ramirez and Guerrero are members of "La Sombra"; during the 1980s, it recorded albums with Freddie Records and was paid for each album. The albums were published by Marfre Music Publishing, Martinez' sole proprietorship. Guerrero did not receive royalties for sales of the sound recordings; Ramirez received composer royalties pursuant to several songwriter contracts. Copyrights were registered, both by Defendants and by Ramirez and Guerrero, for many of the musical compositions and sound recordings between 1987 and 2008.

In the last year of registration, Ramirez and Guerrero filed this action in Texas state court; it was removed to federal court. They sought damages and attorney's fees for, *inter alia*, copyright infringement.

Trial was held in April 2010. A jury found Freddie Records and Marfre Music, but not Martinez, liable for copyright infringement. It awarded damages of approximately $65,000 to Guerrero and approximately $134,000 to Ramirez. That July, the district court awarded attorney's fees of approximately $288,000.

Defendants' post-trial motion was denied in October 2010, and they filed for bankruptcy in 2011. The bankruptcy court lifted the automatic stays to allow Defendants to proceed with this appeal.

## II.

Defendants claim: they are entitled to a new trial on whether they infringed copyrights, maintaining they had either an exclusive or implied license to exploit the work; the verdict was so inconsistent as to be irreconcilable; and the district court abused its discretion in awarding attorney's fees.

2

No. 10-20806

## A.

The new-trial motion contended the evidence was insufficient to support the jury's finding Ramirez' and Guerrero's copyrights had been infringed. Denial of a new-trial motion is reviewed for clear abuse of discretion. *E.g., Foradori v. Harris*, 523 F.3d 477, 497 (5th Cir. 2008). In that regard, Defendants "must show an absolute absence of evidence to support the jury's verdict". *Id.*

Defendants maintain they had either an exclusive or implied license to exploit Ramirez' and Guerrero's works. The burden is on Defendants to prove having a license because it is an affirmative defense to a copyright-infringement claim. *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012).

## 1.

An exclusive license is a transfer of copyright ownership, 17 U.S.C. § 101, and must be memorialized in a signed writing, 17 U.S.C. § 204(a). Defendants fail to meet their heavy burden of showing "an absolute absence of evidence" for the infringement finding. *Foradori*, 523 F.3d at 497. For example, they admit failing to locate many of the claimed songwriter agreements signed by Ramirez and transferring all rights to Marfre Music. As another example, Martinez' testimony provided reason to doubt the validity of those contracts Defendants did introduce; he stated one of the admitted documents was "not the contract" and would have been accompanied by "an original contract", which was not introduced.

## 2.

In the alternative, Defendants contend Ramirez and Guerrero knew Defendants were exploiting La Sombra music for many years and never objected, thereby providing Defendants an implied license. Because Defendants waived this contention, we do not consider it.

Defendants did not raise their implied-license claim until a May 2011 motion, in response to the district court's jurisdictionally-barred (and later

3

vacated) 10 April 2011 "amended final judgment". Defendants failed to preserve their implied-license contention because: that part of their motion seeking a new trial was untimely, FED. R. CIV. P. 59(b); and they had already filed their notice of appeal, thereby divesting the district court of jurisdiction for "those aspects of the case involved in the appeal". *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011) (internal quotation omitted).

Defendants claim they preserved the issue by pleading "license" as an affirmative defense, and by, throughout trial, contending they had a "license". Along this line, however, the evidence Defendants presented at trial concerned written, exclusive licenses. Similarly, the jury instructions, to which Defendants did not object, specified: "To be valid, the [license] *must be in writing*". (Emphasis added.)   Moreover, they failed to request an implied-license instruction.

## B.

Defendants contend the jury verdict must be vacated, or judgment rendered for Martinez, because the jury inconsistently found him *not* liable while finding his sole proprietorship, Marfre Music, liable. They assert: because Martinez and Marfre are indistinguishable, the verdict is irreconcilable and the district court "ha[d] no authority to enter judgment" based on it. *Rosado v. Deters*, 5 F.3d 119, 124-25 (5th Cir. 1993) (internal quotation omitted). This issue must be reviewed with great deference, making an "attempt to reconcile the answers to validate the jury's verdict". *Rideau v. Parkem Indus. Services, Inc.*, 917 F.2d 892, 896 (5th Cir. 1990).

The jury's answers are reconcilable. It was instructed: "Each Defendant is entitled to fair, separate and individual consideration of his . . . case without regard to your decision as to the other defendants". The jury's special-verdict form, to which Defendants did not object, included Martinez and Marfre Music as separate defendants; and Martinez testified he had numerous employees at

4

No. 10-20806

Marfre and did little of the publishing work himself.  The instructions and Martinez' testimony gave the jury sufficient reason to believe it could find Martinez infringed the copyrights when acting in his capacity as owner of Marfre Music.

## C.

Attorney's fees awarded under the Copyright Act, 17 U.S.C. § 505, are reviewed for abuse of discretion. *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994).  "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (quotation omitted).

Under 17 U.S.C. § 505, a trial court has discretion to "award a reasonable attorney's fee to the prevailing party".  Unlike such fees in other contexts, those awarded pursuant to § 505 are "the rule rather than the exception and should be awarded routinely".  *McGaughey*, 12 F.3d at 65 (citations omitted). Nevertheless, this discretion is controlled by statutory limitations, including proscribing fees for "any infringement of copyright in an unpublished work commenced before the effective date of its registration; or any infringement . . . commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work".  17 U.S.C. § 412.  These § 412 proscriptions are the bases for the challenge to the award.

The July 2010 order awarding the fees does not mention § 412. (The April 2011 "amended final judgment" discusses § 412 briefly; but, as noted, that order was jurisdictionally-barred and vacated.)  The relevant order states only: "A prevailing party in a copyright infringement action is entitled to reasonable attorney fees and expenses" under § 505; and "Plaintiffs presented evidence that in this case that Plaintiffs are entitled to an award of fees under the Copyright

5

No. 10-20806

Act". The district court should have provided detailed findings and conclusions for the fees award. This is especially critical in the light of the disputed evidence relating to § 412.

This omission, alone, does not rise to the level of "premis[ing] . . . legal analysis on an erroneous understanding of governing law". *Regents of Univ. of Cal. v. Credit Suisse First Boston (USA), Inc.*, 482 F.3d 372, 380 (5th Cir. 2007). As such, the court's failure to apply § 412 expressly does not *per se* constitute an abuse of discretion. *E.g.*, *Knight*, 482 F.3d at 351. On the other hand, in perhaps finding by implication the copyright registrations satisfied § 412, the court may have abused its discretion by a clearly-erroneous assessment of the evidence. *E.g.*, *N.A.A.C.P. v. Fordice*, 252 F.3d 361, 365 (5th Cir. 2001) (district court's finding "clearly erroneous" when "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed").

For purposes of illustration only, both sides presented evidence showing publication and copyright-registration dates for various musical compositions and sound recordings by Ramirez and/or Guerrero. The evidence perhaps describes approximately 25 compositions or recordings. It may be that the district court did not abuse its discretion in finding, by implication, timely registration. For example, it appears that copyright registration numbers TX0005846164 and PA0000689558 correspond to works by Ramirez that were registered within three months of publication. On the other hand, it may be that the evidence does not show any of Ramirez' or Guerrero's works were timely registered, pursuant to § 412, to allow recovery of fees.

Based on this record, it is impossible to decide whether the district court abused its discretion, including because it failed to provide detailed analysis of the evidence for why it concluded Ramirez and Guerrero were entitled, under § 412, to attorney's fees. An attorney's-fees order may be set aside when it fails

No. 10-20806

to give reasons for its decision. *Schwarz v. Folloder*, 767 F.2d 125, 131-32 (5th Cir. 1985).

Therefore, the fees award is vacated, and this matter is remanded for the district court to hold a hearing on the previously-filed fees application and to then enter an order with detailed findings of fact and conclusions of law, including for each infringement, if any, that satisfies 17 U.S.C. § 412, and with a detailed analysis concerning the reasons for the amount of fees, if any, awarded. In that regard, the court can award fees only for instances as permitted by § 412. *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1012 (2d Cir. 1995). *See also Independent Living Aids, Inc. v. Maxi-Aids, Inc.*, 25 F.Supp.2d 127, 131 (E.D.N.Y. 1998).

### III.

For the foregoing reasons, the judgment is AFFIRMED in part and VACATED in part; this matter is REMANDED for reconsideration of attorney's fees, including entry of a detailed order, consistent with this opinion.